**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-2336**

───────────

JIAHUI HE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A96-072-532)

───────────

Submitted:  July 31, 2006              Decided:  August 16, 2006

───────────

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Jiahui He, Petitioner Pro Se. Michele Yvette Francis Sarko, Carol
Federighi, M. Jocelyn Lopez Wright, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jiahui He ("the Petitioner"), a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's decision denying his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, the Petitioner challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that the Petitioner fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of the Petitioner's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because the Petitioner fails to

show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that the Petitioner failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). We find that the Petitioner failed to make the requisite showing before the immigration court.

Accordingly, we deny leave to proceed in forma pauperis and deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED